UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXSEI DURACK,<br><br>          Plaintiff,<br><br>v.<br><br>MTC FINANCIAL, INC. DBA TRUSTEE CORPS, *et al.*,<br><br>          Defendants. | Case No. 2:11-cv-01894-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Plaintiff's Motion to Remand (#17). Defendant MTC Financial filed a response in opposition (#19) to which Plaintiff replied (#21). Defendants Bank of America and Mortgage Electronic Registration Systems ("Defendants") filed a Joinder (#22). Subsequently, Plaintiff filed a Supplement (#25).

**I. Background**

Plaintiff executed a Deed of Trust in favor of Countrywide Bank, FSB on October 21, 2008 for the property recorded as Lot One Hundred Ninety Nine (199) in Block five (5) of Iron Mountain Estates Unit 2 ("Property") in the Office of the County Recorder of Clark County, Nevada. The balance on the loan for the Property on May 27, 2009, was $337,000. Plaintiff requested forbearance on May 27, 2009. After July of 2009, Plaintiff was unable to make her mortgage payment and on

1  July 17, 2009, Bank of America issued a Notice of Intent to Accelerate. Defendants recorded and
2  filed a Notice of Default on September 17, 2009.
3        Plaintiff filed the instant action in the Eighth Judicial District Court, County of Clark, State of
4  Nevada ("State Court") on October 18, 2011. Plaintiff asserts seven causes of action: declaratory
5  relief, injunctive relief, breach of contract, breach of the covenant of good faith and fair dealing,
6  inspection, unfair lending practices in violation of NRS 598D.100, and deceptive trade practices.
7  MTC Financial, Inc., filed a Petition for Removal of the case and a Notice of Removal on November
8  23, 2011, asserting that Plaintiff's complaint raised federal claims.
9        In the present Motion to Remand, Plaintiff argues jurisdiction is not proper in federal court.
10 Plaintiff argues the Complaint does not contain causes of action based on federal law, specifically the
11 Truth in Lending Act (TILA) or the Fair Debt Collections Act (FDCA). Plaintiff states that the
12 complaint merely references the federal laws but does not seek to recover on the federal acts.
13 Defendants argue that the claims asserted in the pleadings are based on TILA and FDCA.
14 Additionally, Defendants argue jurisdiction is proper because there is diversity of citizenship among
15 the parties and the amount in controversy is satisfied.

16 **II. Discussion**

17     **A. Federal Question**

18       The district courts have original jurisdiction of all civil actions arising under the Constitution,
19 laws, or treaties of the United States. 28 U.S.C. § 1331. Federal-question jurisdiction is usually
20 invoked by a plaintiff pleading a cause of action created by federal law. *Grable & Sons Metal Prod.*
21 *Inc., v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). However, there is a, "long-settled
22 understanding that the mere presence of a federal issue in a state cause of action does not
23 automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc., v. Thompson*,
24 478 U.S. 804, 813 (1986).
25       In order to warrant federal jurisdiction, the complaint must raise a disputed and substantial
26 federal issue, which a federal forum may entertain without disturbing any congressionally approved

balance of federal and state judicial responsibilities. *Grable & Sons Metal Prod. Inc.,* 545 U.S. at 314. In *Nevada v. Bank of Am. Corp.*, the complaint included claims that Bank of America violated the FDCA. The court held the reference to the FDCA did not raise a substantial issue of federal law, because it was not pivotal to plaintiff's claim. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012).

The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The "well-pleaded complaint rule" makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Id*.

Here, Plaintiff identifies seven causes of caution in her complaint. In her factual subsection, Plaintiff asserts that Defendants are in violation of the FDCA. Compl. 5: ¶ 35. Additionally, Plaintiff's First Cause of Action states Defendants are in violation of TILA. *Id*. ¶¶ 38, 41. However, these are not the principal claims on the face of Plaintiff's pleading; the stated federal claims are not substantial and are not clearly raised for dispute in this action. Plaintiff's complaint is limited to Nevada's Uniform Declaratory Judgments Act and Nevada's Deceptive Trade Practices Act. While Plaintiff may have alleged that Defendants violated federal law, the alleged violation is not pivotal. *See Nevada v. Bank of Am. Corp.*, 672 F.3d at 675. Plaintiff is the master of her claim and has avoided stating federal claims. Plaintiff seeks relief pursuant to state law. Accordingly, Plaintiff's complaint does not include a federal question and this Court lacks jurisdiction.

**B. Establishing Diversity for Purposes of Removal**

Any civil action brought in a state court of which, the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to district court. 28 U.S.C. §1441. The removing party bears the burden of establishing federal jurisdiction. *Calif. ex rel Lockyer v. Dynegy, Inc.*, 375 F. 3d 831, 839 (9th Cir. 2004). Diversity must exist at the time of

commencement of the action. *Strotek Corp. v. Air Transport Ass'n. of America*, 300 F. 2d 1129, 1131 (9th Cir. 2004).

Removal statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court. *Durham v. Lockheed Martin Corp.*, 445 F. 3d 1247, 1252 (9th Cir. 2006). A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447 (c).

To establish state citizenship for diversity purposes a person must (a) be a citizen of the United States and (b) be domiciled in a state of the United States. *Kantor v. Wellesly Gallery, Ltd.*, 704 F. 2d 1088, 1090 (9th Cir. 1983). A person is domiciled in a location where he or she has established a fixed habitation or abode, and where he or she intends to remain permanently. *Lew v. Moss*, 797 F. 2d 747, 749-50 (9th Cir. 1986). A person's domicile is not lost until a new one is acquired. *Id*. A person may have two dwelling places; in this situation the domicile remains at the one which was established first. *See* Restatement (Second) of Conflict of Laws § 20 cmt. b (1971).

In this case, Defendants bear the burden of proving diversity existed at the time of removal. The amount in controversy is satisfied. Defendants assert they are unaware of Plaintiff's domicile because her complaint only states she is a part-time resident of Nevada. Defendants' respective domiciles are California, North Carolina and Virginia. *See* Pet. for Removal ¶¶ 8-11. Defendants argue Plaintiff's complaint evidences she intends to be domiciled in Nevada and diversity, therefore, exists. Plaintiff counters Defendants' argument and asserts that she is a part-time resident of California and diversity does not exist because Defendant MTC is also domiciled in California. *See* Reply 7: 5-9.

In the process of executing the Deed of Trust, Plaintiff signed a Second Home Rider. The Second Home Rider contains language stating, "[Second Home Rider] is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed." In addition the

document contains covenants stating, "Borrower shall occupy, and shall only use, the Property as Borrower's second home." Exhibit A: 19-20. There is no evidence that Plaintiff abandoned her California domicile. Notwithstanding Plaintiff's lack of clarity in referencing her domicile in the complaint, the Second Home Rider is strong evidence that her first and current domicile is in California. *See* Restatement (Second) of Conflict of Laws § 20 cmt. b. Accordingly, Defendants have not met their burden of showing diversity jurisdiction exists for purposes of removal.

### III. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (#17) is **GRANTED**.

DATED this 5th day of June 2012.

_____
Kent J. Dawson
United States District Judge